Dear Mr. Jones:
This office is in receipt of your request for an opinion regarding the broadcasting of casino table games.
According to your correspondence, Mardi Gras Holding Group, Inc. ("MGHG") is considering the location of a private live broadcast production facility in northeastern Louisiana, for the purpose of broadcasting casino table games to an international audience via the Internet. You advise that no wagering will take place at MGHG's facility, however, the signal will be broadcast to a venue where gambling is legal and then retransmitted over the Internet. The gambling transaction will also be processed by Internet servers outside Louisiana.
Specifically, you seek our opinion as to whether MGHG's enterprise, as described, violates state law.
Internet gambling has been addressed by the Louisiana Legislature in La. R.S. 14:90.3(B) which provides, in pertinent part:
 "A. The Legislature of Louisiana, desiring to protect individual rights, while at the same time affording opportunity for the fullest development of the individual and promoting the health, safety, education, and welfare of the people, including the children of this state who are our most precious and valuable resource, finds that the state has a compelling interest in protecting its citizens and children from certain activities and influences which can result in irreparable harm. The legislature has expressed its intent to develop a controlled well-regulated gaming industry. The legislature is also charged with the responsibility of protecting and assisting its citizens who suffer from compulsive or problem gaming behavior which can result from the increased availability of legalized gaming activities. The legislature recognizes the development of the Internet and the information super highway allowing communication and exchange of information from all parts of the world result in irreparable harm. The legislature has expressed its intent to develop a controlled well-regulated gaming industry. The legislature is also charged with the responsibility of protecting and assisting its citizens who suffer from compulsive or problem gaming behavior which can result from the increased availability of legalized gaming activities. The legislature recognizes the development of the Internet and the information super highway allowing communication and exchange of information from all parts of the world and freely encourages this exchange of information and ideas. The legislature recognizes and encourages the beneficial effects computers, computer programming, and use of the Internet resources have had on the children of the state of Louisiana by expanding their educational horizons. The legislature further recognizes that it has an obligation and responsibility to protect its citizens, and in particular its youngest citizens, from the pervasive nature of gambling which can occur via the Internet and the use of computers connected to the Internet. Gambling has long been recognized as a crime in the state of Louisiana and despite the enactment of many legalized gaming activities remains a crime. Gambling which occurs via the Internet embodies the very activity that the legislature seeks to prevent. The legislature further recognizes that the state's constitution and that of the United States are declarations of rights which the drafters intended to withstand time and address the wrongs and injustices which arise in future years. The legislature hereby finds and declares that it has balanced its interest in protecting the citizens of this state with the protection afforded by the First Amendment, and the mandates of Article XII, Section 6 of the Constitution of Louisiana and that this Section is a product thereof.
 B. Gambling by computer is the intentional conducting, or directly assisting in the conducting as a business of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit when accessing the Internet, World Wide Web, or any part thereof by way of any computer, computer system, computer network, computer software, or any server.
 * * *
 D. Whoever commits the crime of gambling by computer shall be fined not more than five hundred dollars, or imprisoned for not more than five hundred dollars, or imprisoned for not more than six months, or both.
 E. Whoever designs, develops, manages, supervises, maintains, provides, or produces any computer services, computer system, computer network, computer software, or any server providing a Home Page, Web Site, or any other product accessing the Internet, World Wide Web, or any part thereof offering to any client for the primary purpose of the conducting as a business of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit shall be fined not more than twenty thousand dollars, or imprisoned with or without hard labor, for not more than five years, or both." (Emphasis added).
The system that Mardi Gras Holding Group, Inc. contemplates establishing would necessitate the local casino to "directly assist in the conducting as a business of any game whereby a person risks the loss of anything of value when accessing the Internet . . ." As such, it is our opinion that the enterprise would violate La. R.S. 14:90.3(B).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM
JMZB/sam